(38 South. 398.)

No. 15,624.

FITZNER v. NOULLET.

In re BRUENN et al.

(April 3, 1905.)

RECEIVERS—ORDER OF SALE—REVOCATION.

    In a receivership proceeding, the judge may revoke ex proprio motu an order improvidently granted—as, for instance, where a sale has been ordered to be made on a credit, when it should have been for cash.

(Syllabus by the Court.)

Action by Gustave Fitzner against Frank A. Noullet. Application of Bernard Bruenn and Edgar M. Cahn, receivers, for writs of prohibition and certiorari. Dismissed.

See ante, p. 167, 38 South. 94.

Edward Alexander Parsons and William Stirling Parkerson, for relators. Respondent judge, pro se. Louis R. Hoover, for respondent Arthur McArthur.

PROVOSTY, J. On the petition of the receivers, the court ordered certain real estate, depending upon the receivership, to be sold to pay debts; the terms of the sale to be one-third cash, and the balance in two equal payments, falling due in one and two years, with interest from date of sale. When this order was thus obtained, a mortgage consented on the property by a former owner, with pact de non alienando, was within a few days of falling due. At the maturity of this mortgage debt the holder of the mortgage note proceeded by executory process against the former owner, and obtained an order for the sale of the property for

cash to pay the debt; but the judge of Division B, who had rendered the order, on discovering that the property was in the hands of receivers appointed by the judge of Division D, revoked the order, and referred the matter to Division D. Thereupon, by supplemental petition duly authorized to be filed, the receivers were made parties defendant to the executory process proceedings; and, after hearing of the receivers, an order was entered in the executory process proceedings for the sale of the property for cash to pay the mortgage debt. Later, on discovering that the property was continuing to be advertised to be sold on a credit under the order made in the receivership proceedings, the judge caused the receivers and the seizing creditor and their attorneys to be notified that at an hour designated in the notice he would hear them, in chambers and informally, as to why he should not revoke the said receivership order. Thereupon the receivers had recourse to the present proceeding in this court.

They complain, in the first place, that the judge is without authority to revoke the said order ex proprio motu, and without being moved thereto by any request from anybody; and, in the second place, that, apart from the mere matter of form, such revocation would be wrong, because injurious to the receivership estate; and they pray for the writ of prohibition.

We think that the order for the sale of the property on a credit to pay a debt which was due and exigible was a mistake which the judge had the right to correct when he discovered it. Nor is it clear that these receivers, who are subject to the control of the court at every step in the management of the property of the receivership, have any standing to complain of the action of the court.

The rule nisi is set aside, and this application dismissed, at the cost of the relators.